**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Nedra Jones, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 2909 |
| | ) | |
| Emmit Q. Hoosman, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Plaintiff Nedra Jones ("Jones") filed a complaint against Defendant Emmit Q. Hoosman ("Hoosman") on May 10, 2005, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.* Count I of Jones' complaint alleges sexual harassment, gender discrimination, and hostile work environment. Count II alleges retaliation. Presently before us is Hoosman's motion to dismiss for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, expiration of the statute of limitations, and discharge in bankruptcy. For the reasons set forth below, we grant in part and deny in part Hoosman's motion.

## STANDARD OF REVIEW

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir.1989)). A complaint is not required to

allege all, or any, of the facts entailed by the claim. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005); *see also McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000) (holding that plaintiff can plead conclusions if they put defendant on notice of claims). However, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *Lekas,* 405 F.3d at 613-614.

In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005). Nonetheless, "we are not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1559 (7th Cir. 1991); *see also Tamari v. Bache & Co.*, 565 F.2d 1194, 1199 (7th Cir. 1977) ("[M]ere unsupported conclusions of fact or mixed fact and law are not admitted."). In sum, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

## BACKGROUND

The following summary of relevant factual allegations are taken from the complaint and deemed true for purposes of this motion. *See Cody*, 409 F.3d at 857.

Hoosman hired Jones to work at his legal services company, Copytec, on November 21, 2001. During the relevant time period for this action, Hoosman, Copytec's sole owner, comingled the company's assets and liabilities with his own, essentially acting as Copytec's alter ego. Moreover, Hoosman undercapitalized his company, did not observe corporate formalities, such as establishing a Board of Directors, and operated Copytec without any corporate authorization.

While working at Copytec on September 24, 2003, Byron Griffin ("Griffin"), another

employee, exposed his penis to Jones, asked if he could touch her genitals and, without her permission or consent, reached under her skirt and touched her genitals. When Jones pushed Griffin's hand away, Griffin repeated the groping, forcing Jones to fight him off.

Jones immediately reported the incident to Glenn Caldwell, Copytec's general manager, who responded by laughing and saying "OK." Jones then relayed Griffin's misconduct to Sandy Kopetek, Copytec's human resources manager. Jones then met with Kopetek, Kurt Montgomery, Jones supervisor, and Caldwell, to provide more information about Griffin's behavior. Jones was then sent home and was not allowed to return to work the next day. Nor was she paid for the time off. On September 26, Jones resumed her employment and requested not to work with Griffin. In response, her supervisor told her to quit if she could not work with Griffin.

Unsatisfied with her employer's immediate response, Jones filed a police report regarding Griffin's conduct on the day of the incident. On October 2, Jones filed a gender discrimination claim against Copytec with both the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC").

In December, Hoosman began reducing Jones' hours and over the next two months, he laid off a number of employees, including Jones. Hoosman later offered to rehire all of the laid-off employees except Jones. On October 14, 2004, Jones filed a complaint with the EEOC against Hoosman personally on a pierce the corporate veil theory.

## ANALYSIS[1]

## I. Subject Matter Jurisdiction

---

[1]As a threshold matter, we deny Plaintiff's Motion to Vacate Order of October 26, 2005 and For Rule to Show Cause. While defendant untimely filed his reply, nothing contained therein altered our ruling so we find no prejudice to plaintiff. Further, we did not consider any new arguments raised for the first time in the reply.

Federal Rule of Civil Procedure ("Rule") 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Hoosman argues that we lacks subject matter jurisdiction for two reasons: (1) the Illinois Department of Human Rights ("IDHR") ruling on Jones' claim preclude our review; and (2) Jones' pending cases before the Illinois Human Rights Commission ("IHRC") bar her from proceeding in federal court.[2] Neither assertion has merit.

First, Hoosman claims that the IDHR dismissed Jones' complaint "with prejudice without any further right to proceed." (Mot. ¶ 45.) According to Hoosman, the IDHR's ruling constitutes a state court civil judgment, which cannot be reviewed in federal court. However, the IDHR decision, standing alone, does not qualify as a state court judgment for preclusion purposes under Title VII. The Supreme Court clearly held in *University of Tennessee v. Elliot,* that "unreviewed state administrative proceedings [do not] have preclusive effect on Title VII claims." 478 U.S. 788, 796, 106 S. Ct. 3220, 3225 (1986). Jones did not seek review of the IDHR ruling in state court, so she is entitled to pursue her claim *de novo* in federal court. *Id.*; *Harper v. Godfrey Co.*, 45 F.3d 143, 149 (7th Cir. 1995), *superceded by statute on other grounds by* 42 U.S.C. § 1981(b) ("Title VII permits plaintiffs to pursue their claims in federal court *de novo* after they have pursued their claims in state proceedings."). Likewise, the existence of two matters pending before the IHRC does not prevent us from reviewing Jones' claim. Hoosman offers no support for his prayer that we abstain from considering this action until the state agency renders its decision, and preclusion is not warranted because there is no evidence that Jones sought review of the IHRC proceedings thus far

---

[2] Hoosman also claims that we do not have subject matter jurisdiction because Copytec does not qualify as an employer under Title VII. Whether or not Jones can establish the elements of her claim has no bearing on subject matter jurisdiction. Therefore, we will discuss Hoosman's argument in the context of a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Section II *infra*.

in state court.  Therefore, we deny Hoosman's motion on these grounds.

## II. Failure to State a Claim Upon Which Relief Can Be Granted

Hoosman next argues that we should dismiss Jones' complaint because Copytec does not fall within the scope of Title VII.  However, Hoosman failed to submit any evidence to buttress his bald statement that "during the statutory time in question, [Copytec] ... was not an employer as that term is defined under Title VII."  (Mot. ¶ 55.)  Title VII defines an employer as "a person engaged in industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person."  42 U.S.C 2000e(b).  According to Hoosman, Copytec was incorporated in Illinois in December 1997, provided photocopy and litigation support services, and employed "a human resource manager, office and production managers ... accountants, legal counsel[,] ... a payroll service ... and other salaried employees."  (Reply to Mot. at 3.)  Nothing suggests that Copytec employed less than fifteen individuals or that the company's services fell outside the scope of "industry affecting commerce."  Therefore we reject Hoosman's argument that Jones failed to state a claim.

## III.  Affirmative Defenses

Hoosman next attacks Jones' complaint by setting forth two affirmative defenses: expiration of the statute of limitations and discharge in bankruptcy.[3]  (Mot. at 2-7.); Fed. R. Civ. P. 8(c).  Rule 8(c) requires defendants to explicitly set forth any affirmative defenses by motion or in an answer to a complaint.  Fed. R. Civ. P. 8(c); *Loveday v. Village of Villa Park,* No. 02 C 6549, 2004 WL

---

[3] While Hoosman describes his motion as "Failure to State a Claim Upon which Relief may be Granted," his arguments center solely on the statute of limitations and discharge in bankruptcy, both affirmative defenses to a legally sufficient complaint.  *See* Fed. R. Civ. P. 8(c).

1878837, at *2 (N.D. Ill. Aug. 17, 2004).  While we can dismiss an action where the allegations in a complaint establish an affirmative defense, we will not look beyond the pleadings in a 12(b) pre-answer motion to dismiss.  *See United States Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003) (finding that a plaintiff can plead himself out of court if the allegations prove up an affirmative defense); *see also Worldcom, Inc. v. Graphnet*, 343 F.3d 651, 657 (3rd Cir. 2003) ("facts necessary to establish an affirmative defense must generally come from matters outside of the complaint ... [so they should] be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b).").  Moreover, "[c]omplaints need not anticipate or attempt to defuse potential defenses." *Gypsum*, 350 F.3d at 626.  With theses guidelines in mind, we address each of Hoosman's affirmative defenses in turn.

A.    *Statute of Limitations*

In Illinois, a Title VII plaintiff has 300 days after the occurrence of an unlawful employment practice to file a charge with the EEOC so long as the plaintiff first files the claim with a state agency, such as the IDHR.  *Hentosh v. Herman M. Finch Univ. of Health Servs.*, 167 F.3d 1170, 1173 (7th Cir. 1999).  Hoosman argues that Jones' complaint is time-barred because she waited more than 300 days after the actionable conduct to file charges with the EEOC.  Jones counters that her October 14, 2004 retaliation claim falls squarely within the limitations period and her hostile work environment claim, which stemmed from an incident on September 24, 2003, is timely based on the continuing violation doctrine articulated in *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101, 115-117, 122 S. Ct. 2061 (2002).  Assuming all facts contained in the complaint are true and drawing all inferences in the light most favorable to Jones, the sexual harassment/hostile work environment claim is time-barred, but the retaliation claim survives.

First, Jones filed a charge with the EEOC on October 14, 2004 complaining that Hoosman refused to re-hire her in March 2004 in retaliation for previously filing sexual harassment, gender discrimination, and retaliation charges with the IDHR and the EEOC. (Compl. ¶¶ 17, 18, 27, Ex. 1.) The time between the alleged discrete discriminatory act and filing charges with the EEOC falls well within the statutory period; thus, Jones' retaliation claim is properly before us.[4]

Count I of Jones' complaint alleges sexual harassment, gender discrimination, and hostile work environment based upon one incident in September 2003. Jones relies on the continuing violation doctrine to circumvent the limitations period since more than 300 days elapsed before she filed the October 2004 charge with the EEOC.[5] Unlike a discrete discriminatory act, a hostile work environment claim is predicated on the cumulative effect of a series of acts. Consequently, "[i]t does not matter ... that some of the component acts of the hostile work environment fall outside the statutory time period ... [because if one] act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purpose of determining liability." *National Railroad,* 536 U.S. at 117. Therefore, we must determine whether "the acts about which [Jones] complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period." *Id.*

Jones' complaint alleges that a co-worker sexually assaulted her on September 24, 2003.

---

[4] In his reply, Hoosman suggests that we should also dismiss Jones' retaliation charge for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). However, Hoosman's original pleading neglected to address the issue. It is inappropriate to raise a new argument in a reply since it effectively denies an adversary adequate opportunity to respond. *See Delia Credit Local v. Rogan,* No. 02 C 8288, 2003 WL 22349111, at *4 n.3 (N.D. Ill. Oct. 14, 2003). Even if we did entertain Hoosman's untimely argument, we would not rule in his favor. Jones sufficiently alleges a claim for retaliation under the liberal pleading standards set forth in Rule 8(a)(2). Fed. R. Civ. P. 8(a)(2); *see also Conley*, 355 U.S. at 47.

[5] January 2, 2004 was the 300 day cut-off date.

According to Jones, management sent her home after she complained about the incident and they would not let her return to work until two days later. Also, she claims that she did not get paid for the day she missed. (Compl. ¶ 11, 13, 15.) When Jones returned to work on September 26, she asked not to work closely with Griffin, but her supervisor told her "that if she couldn't work with [him], she should quit." (*Id.* at ¶ 16.) Jones does not allege that Griffin or any other employee acted inappropriately toward her for the duration of her tenure with the company, that she was forced to work with Griffin, or that her work conditions changed subsequent to the incident. While Jones argues that her hostile work environment claim "is based upon a series of unlawful acts that collectively constitute an 'unlawful employment practice,'" she fails to provide any support for her conclusory allegations. (Resp. at 4.) The complaint does not allege any unlawful, gender discriminatory or harassing acts or occurrences that contributed to a hostile work environment after September 2003. (Resp. at 4.) While Jones claims that her hours were reduced in December and that Hoosman terminated her in January or February, she does not allege that either of those acts resulted from sexual animus, equated to a tangible employment action because of sex, or related in any way to her hostile work environment action. (Compl. ¶ 18). Since Jones pointed us to no act that contributed to the sexual harassment/hostile work environment within the statutory filing period, the September 2003 incident does not fall within the scope of her October 2004 EEOC charge and thus her claim is time-barred.[6] As such, we

[6] As a last resort, Jones fleetingly references the Supreme Court's holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like the statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127 (1982). However, she does not st forth any allegations that could justify application of one of those doctrines. First, waiver does not apply because Hoosman raised the statute of limitations defense in his first responsive pleading. (Mot. at 2.) Next, Jones cannot claim equitable estoppel because she does not allege that Hoosman engaged in fraudulent concealment or otherwise prevented her from timely filing her claim. *See Hentosh*, at 1174. Finally, equitable tolling does not apply because Jones was "aware of the possibility of a claim of sexual harassment" right after to the September 24, 2003 incident, as evidenced by her October 2, 2003

dismiss Count I of Jones' complaint without prejudice. We grant her leave to amend the complaint in accordance with our ruling within fifteen days from the entry of this order should she have reason to do so.

B. *Discharge in bankruptcy*

Hoosman next argues that Jones' claims were discharged in bankruptcy; Jones counters that her lawsuit falls within one of the exceptions to discharge. "Under 11 U.S.C. 524(a), the effect of bankruptcy discharge is to void any judgment creating personal liability on the part of the debtor and to enjoin the commencement or continuation [of] any suit against the debtor." *McDermott v. Best,* No. 93 C 20139, 1995 WL 330639, at *1 (N.D. Ill. Jun. 2, 1995). In the motion to dismiss, Hoosman submits that he filed a personal Chapter 7 action on December 6, 2004, the bankruptcy trustee issued a "No Asset Report" on February 4, 2005, and then two months later, on April 11, the court granted him a discharge from prior debts. (Mot. at 4.) Without more, we would be required to dismiss Jones' complaint since she admits that her claim arose before the discharge. However, Jones contends that her lawsuit is excluded from the discharge because her allegations satisfy the "willful and malicious injury" exception to the general rule that a discharge wipes out all prior debts. (Resp. at 6.)

Section 523(a) lists various kinds of debts, including those stemming from "willful and malicious injury," that are excluded from the scope of a bankruptcy discharge. 11 U.S.C. 523(a); *In re Mendiola,* 99 B.R. 864, 866 (Bankr. N.D. Ill. 1989). The "willful and malicious injury" exception applies where the debtor causes a deliberate or intentional injury without just cause or

---

complaint to the EEOC. *Id.*

excuse. *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 977 (1998); *In re Thomason,* 288 B.R. 812, 815 (Bankr. S.D. Ill. 2002). In this case, Jones alleges that Hoosman retaliated against her for filing sexual harassment and gender discrimination complaints by refusing to offer to re-hire her along with other co-workers. Retaliation necessarily implies intent to punish or harm and, thus, an injury resulting from retaliatory conduct can qualify under the exception. *See* 288 B.R. at 815.

However, to take advantage of the "willful and malicious injury" exception, creditors must file a timely proof of claim and determination of dischargeability. 11 U.S.C. 523(a)(3)(B); *In re Mendiola,* 99 B.R. at 868. After the statutory period for filing a proof of claim or determination of dischargeability lapses, a creditor can file a lawsuit to recover the debt only where (1) the debtor failed to list or schedule that creditor during bankruptcy proceedings and (2) that "creditor had no notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. 523(a)(3)(B); *In re Mendiola*, 99 B.R. at 870. In this case, it is undisputed that Hoosman did not list or schedule Jones as a creditor in his bankruptcy proceeding and neither party contends that Jones filed a timely proof of claim and determination of dischargeability. (Reply at 7.) Therefore, the determinative factor is whether Jones had notice or actual knowledge of the bankruptcy proceeding. Nothing in the complaint indicates that Jones knew about Hoosman's bankruptcy during its pendency, and Jones denies Hoosman's unsupported accusation of actual knowledge in her response to the motion to dismiss. (Mot. at 4; Resp. at 5.) Hoosman's affirmative defense is not apparent from the complaint such that "it appears beyond doubt that [Jones] cannot prove some set of facts to sustain [her] claim" and we will not look beyond the pleading in a pre-answer 12(b) motion. *In re Nicoll*, 42 B.R. 87, 90 (Bankr. N.D. Ill. 1984). Therefore, Jones' retaliation claim survives the

motion to dismiss.

**Conclusion**

For the reasons described above, we deny Hoosman's motion to dismiss Jones' retaliation claim (Count II), but we grant the motion with respect to the hostile work environment/sexual harassment claim (Count I).  However, we grant Jones fifteen days from entry of this order to amend her complaint, if possible, in accordance with our ruling.

MARVIN E. ASPEN
United States District Judge

Dated: November 28, 2005