# Law Offices of
# BROOKINS & WILSON
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

<u>Via U.S. Mail & Facsimile (312) 782-4279</u>
May 31, 2005

100 North LaSalle Street
Suite 1710
Chicago, Illinois 60602
Telephone (312) 360-0888
Facsimile (312) 360-0893

Cary M. Stein
Rachel Yarch
Ashman & Stein
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Re: <u>In re Emmit Q. Hoosman, Debtor</u>
Chapter 7 Bankruptcy Case No. 04 B 44788
<u>Nedra Jones -vs- Emmit Q. Hoosman</u>
Northern District of Illinois Case No. 05 C 2909

Dear Counsel:

It has come to our attention that on May 16, 2005, you filed a complaint against our client, Emmit Q. Hoosman, in the U.S. District Court for the Northern District of Illinois.

Please be advised that on December 6, 2004, the Defendant Emmit Q. Hoosman filed a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court for the Northern District of Illinois (see enclosed Notice of Bankruptcy Case Filing) and that on February 4, 2005 the Chapter 7 Trustee filed a no asset report and that on April 11, 2005 a discharge order was entered (see enclosed Discharge of Debtor), granting Mr. Hoosman a discharge under Section 727 of Title 11 of the United States Bankruptcy Code. For your information, the discharge prohibits any attempt to collect from Mr. Hoosman, a debt that has been discharged. You are prohibited from contacting Mr. Hoosman by mail, telephone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from Mr. Hoosman. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

YOU ARE HEREBY PLACED ON NOTICE that you are in violation of the bankruptcy discharge injunction and that unless the lawsuit against him is dismissed within 7 days of this letter, we will take action in the bankruptcy court against you and your client for damages, costs and attorney's fees. TIME IS OF THE ESSENCE.

Very truly yours,

BROOKINS & WILSON

Thaddeus L. Wilson

Enclosures

Emmit Q. Hoosman

EXHIBIT B

*Law Offices of*
# BROOKINS & WILSON
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

<u>Via U.S. Mail & Facsimile (312) 782-4279</u>

June 4, 2005

100 North LaSalle Street
Suite 1710
Chicago, Illinois 60602
Telephone (312) 360-0888
Facsimile (312) 360-0893

Cary M. Stein
Ashman & Stein
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Re: <u>In re Emmit Q. Hoosman, Debtor</u>
Chapter 7 Bankruptcy Case No. 04 B 44788
<u>Nedra Jones -vs- Emmit Q. Hoosman</u>
Northern District of Illinois Case No. 05 C 2909

Dear Counsel:

We are in receipt of your letter dated June 3, 2005 responding to our May 31, 2005 letter giving you notice of Mr. Emmit Q. Hoosman's personal bankruptcy case filing and discharge. In your letter, you stated that you considered the sexual harassment claim which forms the basis of your lawsuit to constitute "willful and wanton conduct, which is not subject to dischargability (sic) under the Bankruptcy Act." You also stated that you "intend to proceed" with the litigation against Mr. Hoosman.

We strongly suggest that you and your client immediately seek the advise of an attorney who regularly practices in the bankruptcy area. Even if your specious arguments to pierce the corporate veil of Copytec, Inc. were true and even if your claim of willful and wanton conduct could ever be substantiated, a claim based upon willful and wanton conduct is not in the category of claims that automatically survive bankruptcy discharge absent a dischargeability hearing and order entered by the bankruptcy court.

This will be our final warning to you and discussion of the matter. Unless your lawsuit is dismissed by June 7, 2005, we will file an action against you, your firm and your client for intentional and willful violation of the bankruptcy discharge injunction and seek the maximum damages, costs and attorneys' fees allowable. TIME IS OF THE ESSENCE.

Very truly yours,

BROOKINS & WILSON

Thaddeus L. Wilson

Emmit Q. Hoosman