UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nedra Jones, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 2909 ) |
| Emmit Q. Hoosman | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Presently before us is defendant Emmit Q. Hoosman's motion to dismiss Count I of plaintiff Nedra Jones's first amended complaint, Jones' motion for taxation of costs, and Hoosman's motion to strike the jury demand insofar as it relates to piercing the corporate veil. For the reasons set forth below grant Hoosman's motion to dismiss, Jones' motion for costs of service, and Hoosman's motion to strike the jury demand in part.

## BACKGROUND

On May 10, 2005, Jones filed a two count complaint against Hoosman alleging sexual harassment, gender discrimination, and hostile work environment (Count I) and retaliation for filing complaints with the Illinois Human Rights Division ("IHRD") and the EEOC (Count II). (Compl. ¶¶ 1-29.) In response, Hoosman filed a motion to dismiss for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, expiration of the statute of limitations, and discharge in bankruptcy. ( Mot. to Dismiss ¶¶ 1-60.) We dismissed Count I because a plain reading of the complaint indicated that the limitations period elapsed. (Mem.

1

Op. at 6-9.) However, we granted Jones leave to file an amended complaint if she could allege a basis for waiver, equitable estoppel or tolling of the statute of limitations. (*Id.* at 7, n.4.)

Jones filed an amended complaint on November 29, claiming that Hoosman misrepresented and fraudulently concealed that the corporation was merely his alter ego, thus depriving her of notice of a potential cause of action within the statute of limitations.[1] (Am. Compl. ¶¶ 5-15.) Hoosman now seeks to dismiss the amended complaint, alleging, *inter alia*, that Jones did not plead fraud with specificity and that she failed to properly allege piercing the corporate veil.[2] (Mot. to Dismiss Am. Compl. (hereinafter "Mot.") ¶ 24.) Jones counters by arguing that fraudulent concealment is not fraud and thus not subject to Rule 9(b) and, in the alternative, that the complaint satisfies the heightened pleading requirements for fraudulent concealment and an alter ego theory. (Resp. to Mot. at 3-5.)

## STANDARD OF REVIEW

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990) (quotation omitted). A complaint is required to provide only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(e)(2), unless the pleading avers fraud, in which case, the complaint must state the circumstances constituting the fraud with particularity. Fed. R. Civ. P. 9(b). In reviewing a complaint falling within the ambit of Rule 9(b), we consider the purposes for requiring heightened pleading, such as protecting a

---

[1] Fraudulent concealment is another way to assert equitable estoppel. *See Hentosh v. Herman M. Finch Univ. of Health Sciences/Chicago Med. Sch.*, 167 F.3d 1170, 1174 (7th Cir. 1999).

[2] We struck those portions of defendant's motion to dismiss which related to Count II (the retaliation claim) and arguments that defendants could have raised in their first motion to dismiss regarding Count I. *See* Rule 12(g), (h)(2); *see also* Min. Order, No. 05 C 2909 (N.D. Ill. Feb. 16, 2006).

defendant's reputation and eliminating conclusory complaints filed as a pretext for engaging in a fishing expedition. *See Builders Bank v. First Bank & Trust Co. of Illinois,* No. 03 C 0459, 2004 WL 2415053, at *3 (N.D. Ill. Oct. 27, 2004); *see also Dexia Credit Local v. Rogan,* No. 02 C 8288, 2003 WL 22349111, at *10 (N.D. Ill. Oct. 14, 2003) ("[T]he overall purposes of Rule 9(b) ... are to protect defendants from the harm of false accusations, minimize 'fishing expeditions,' and provide defendants with adequate notice."). Nonetheless, when a defendant has control over necessary information and discovery has not commenced, courts are more lenient in regards to the degree of specificity in the pleadings. *See Stap v. Chicago Aces Tennis Team, Inc.,* 63 Ill. App. 3d 23, 29-30, 379 N.E.2d 1298, 1303 (1st Dist. 1978).

## ANALYSIS

### I. Motion to Dismiss for Failure to Plead with Specificity

In her amended complaint, plaintiff argues that we should disregard the statute of limitations because Hoosman fraudulently concealed or misrepresented that he was the corporation's alter ego. Jones relies upon the same allegations to support both elements (fraudulent concealment and alter ego) justifying equitable estoppel. We find that those allegations do not satisfy Rule 9(b)'s heightened pleading requirements.[3]

---

[3] In its motion to dismiss the original complaint, Hoosman argued that Copytec did not qualify as an employer under Title VII rather than challenge Jones' allegations that Hoosman was Copytec's alter ego. Since defendant only addressed the alter ego issue in its reply brief, we could not consider the merits of the argument. Ignoring the principle of waiver, Hoosman now argues that Jones failed to plead alter ego with sufficient specificity in the amended complaint. However, we struck that portion of Hoosman's motion because the Federal Rules preclude defendant from basing a motion to dismiss on any grounds that could have been raised in the first motion. *See* Fed. R. Civ. P. 12(g), (h)(2); *see also* Order, Feb. 16, 2006 (docket #71). We can only consider objections to Jones' alter ego theory that could have been raised in the first motion to dismiss in a motion for judgment on the pleadings or summary judgment. Fed. R. Civ. P. 12(h)(2).

Defendant has a right to challenge the sufficiency of the new allegations which support Jones' theory that we should toll the statute of limitations due to Hoosman's fraudulent concealment of his alter

Allegations of fraudulent concealment and alter ego in the context of fraud must be pled with specificity.[4] To adequately plead a basis for piercing the corporate veil under an alter ego theory, Jones must allege "(1) such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances must exist such that adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences." *Typographics Plus, Inc. v. I.M. Estrada,* No. 98 C 886, 2000 WL 1006572, at *4 (N.D. Ill. Jul. 19, 2000). To sufficiently plead fraudulent concealment for purposes of tolling the statute of limitations in Illinois, Jones must allege:

> (1) there was concealment of a material fact;[5] (2) the concealment was intended to induce a false belief, under circumstances creating a duty to speak; (3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection and relied upon the silence as a representation that the fact did not exist; (4) the concealed information was such that the injured party would have acted differently had [s]he been aware of it; and (5) reliance by the person from whom the defendant concealed the fact led to h[er] injury.

---

ego status. Therefore, we may revisit the allegations regarding alter ego insofar as they are enmeshed in the fraudulent concealment context. *See Abbell Credit Corp v. Banko of Am. Corp.,* No. 01 C 2227, 2002 WL 335320, at *7 (N.D. Ill. Mar. 1, 2002); *766 Ontario Ltd. v. Zurich Capital Markets, Inc.,* 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003); *Wafra Leasing Co. v. Prime Capital Corp.,* 247 F. Supp. 2d 987, 999 (N.D. Ill. 2002); *Moore v. Ford Motor co.,* No. 92 C 1130, 1994 WL 25822, at *2 (N.D. Ill. Jan. 26, 1994); *Iseda v. John Alden Life Ins. Co.,* No. 92 C 159, 1992 WL 91944 (N.D. Ill. Apr. 30, 1992).

[4] *See e.g. Triple Canopy, Inc. v. Moore,* No. 04 C 3265, 2005 WL 1629768, at *12 (N.D. Ill. Jul. 1, 2005) ("Fraudulent concealment must be pled with particularity under Rule 9(b)."); *New Freedom Mortg. v. C&R Mortg.,* No. 03 C 3027, 2004 WL 783206, at *8 (N.D. Ill. Jan. 15, 2004) (holding that plaintiffs must adhere to Rule 9(b) when pleading alter ego theories relating to fraud claims); *JMR Sales, Inc. v. MMC Electronics Am., Inc.,* No. 02 C 1642, 2002 WL 31269612, at *2 (N.D. Ill. Oct. 10, 2002) ("It is clear that claims of fraudulent concealment must be pled with sufficient particularity under Rule 9(b) to survive a motion to dismiss."); *Greer v. Bank One,* No. 01 C 7352, 2002 WL 1732366, at *3 (N.D. Ill. Jul. 25, 2002).

[5] "Under Illinois law, [however,] the failure to disclose material information is actionable only if the person failing to disclose the information owed a duty to disclose that information." *Triple Canopy,* 2005 WL 1629768, at *12.

*Triple Canopy, Inc.*, 2005 WL 1629768, at *12. Additionally, plaintiff must show due diligence in discovering the cause of action before the statute of limitations expired. *See Greer*, 2002 WL 1732366, at *2. Moreover, in order to comply with Rule 9(b), Jones must describe the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. The absence of any necessary detail renders the pleading deficient.[6] *Polansky*, 2005 WL 3557858, at *7.

The amended complaint uniformly fails to comply with Rule 9(b). Jones includes six paragraphs of conclusory allegations to support her claims. (Am. Compl. ¶¶ 4-5, 7-8, 9, 15.) For example, Jones alleges, based on information and belief:

> Hoosman misrepresented Copytec as being a separate corporate business entity and actively concealed from Plaintiff: (i) that Copytec was undercapitalized, did not observe any corporate formalities, did not have any Board of Directors meetings, and did not have a Board of Directors; (ii) that Hoosman operated the business of Copytec, including without limitation, hiring and firing employees, taking loans, retaining counsel and leasing business premises, all without any corporate authorization whatsoever and without reference or resort to corporate formality; and (iii) Hoosman treated the assets and liabilities of Copytec as his own and otherwise acted as the alter ego of Copytech.

(*Id.* ¶¶ 5, 15.) There are no facts in the complaint demonstrating or explaining the basis of her allegations. The amended complaint does not state the nature or content of Hoosman's alleged misrepresentations, how he concealed material information, the substance of the concealed materials, or when and where the purported fraudulent conduct occurred.[7] Jones also failed to

---

[6] For example, in *Sequel Capital Corp. v. Airship Int'l Ltd.*, 148 F.R.D. 217, 219 (N.D. Ill. 1993), the court found that the complaint failed to comply with Rule 9(b) because it did not allege the location where the purported fraudulent statements were made and how they were communicated. Further, mere conclusory language which asserts fraud, without a description of fraudulent conduct, does not satisfy Rule 9(b). *Polansky v. Anderson*, No. 04 C 3526, 2005 WL 3557858, at *7 (N.D. Ill. Dec. 29, 2005).

[7] Jones dedicates the majority of her response brief to the exhibits to defendant's motion. While Jones contends that the exhibits support her claim, she fails to recognize that we are prohibited from looking at supplemental materials for a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(b)(6); *see also In re*

properly allege Hoosman's duty to disclose information and her due diligence.[8]

Such conclusory language, without a description of the underlying conduct, does not satisfy Rule 9(b). *See Lincoln Nat. Bank v. Lampe,* 414 F. Supp. 1270, 1279 (N.D. Ill. 1976). Moreover, Jones based her allegations on "information and belief" without reference to the factual underpinnings of those beliefs, which generally does not satisfy the specificity required when pleading fraud. (Am. Compl. ¶¶ 5, 7.); *Bankers Trust v. Old Republic Ins. Co.,* 959 F.2d 677, 684 (7th Cir. 1992); *see also Duane v. Altenburg,* 297 F.2d 515, 518 (7th Cir. 1962); 2A Moore's Federal Practice ¶ 9.03 (3d ed. 1982) (stating that allegations of matters particularly within the knowledge of an adverse party must "be accompanied by a statement of facts upon which the belief is founded."). Despite a liberal construction of the complaint, the allegations fail to rise to the level of specificity needed to survive a motion to dismiss.

## II.     Motion for Taxation of Costs

Pursuant to Federal Rule of Civil Procedure 4(d)(2), Jones seeks recovery of the costs of service on Hoosman. Rule 4(d)(2) provides that a defendant residing in the United States who receives notice of a lawsuit and a request for waiver of service "has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(2). If a defendant receiving such a request refuses to waive service, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." *Id.* "Forcing non-cooperative defendants to pay the costs of service encourages elimination of such costs."

---

*Matter of Wade,* 969 F.2d 241, 249 (7th Cir. 1992) ("The district court is confined to the pleadings when considering a motion to dismiss.").

[8] In addition, Jones did not adequately plead an alter ego theory, which is inextricably intertwined with her fraudulent concealment claim. However, based on our ruling we need not analyze that portion of the pleading.

*Thompson v. Solo,* No. 03 C 8766, 2004 WL 1385825, at *1 (N.D. Ill. Jun. 21, 2004) (citing 4A C. Wright & A. Miller, Federal Practice and Procedure § 1092.1 (3 ed. 2002)).

On May 17, 2005, Jones mailed Hoosman notice of her lawsuit with a copy of the complaint, a request for waiver of service and the waiver of service form, and a self-addressed postage-paid envelope. (Mot. for Costs ¶ 2.) Hoosman did not return the waiver of service as of July 13, at which time Jones sent a letter notifying defendant that she would proceed with formal service and then seek recovery of her costs. (*Id.* ¶ 4.) Jones retained Professional's Detective Agency to effectuate service on Hoosman and deliver a copy of the summons. (*Id.* ¶ 6.) In total, Jones expended $150.00 for the Professional's Detective Agency services and Jones' attorney charged $190.00 in fees for preparation of the instant motion.[9] (*Id.* ¶¶ 6,7; *see id.* Ex. F.)

In an attempt to avoid paying Jones' cost of service, Hoosman contends that he refused to waive service for good cause. After consulting with his bankruptcy attorney (who also represents him in the instant action), Hoosman believed that the lawsuit violated the Chapter 7 discharge order and that waiving service "would have submitted him to this Court's jurisdiction and risk the ability to resolve the matter in an adversary proceeding before the bankruptcy court." (Resp. to Mot. for Costs at 1-2.) However, Rule 4(d) explicitly provides that "[a] defendant who waives service of a summons does not thereby waive any objection to the venue

---

[9] Jones also seeks recovery of attorney fees related to effectuating service. However, such fees are not recoverable: "[t]he costs to be imposed on a defendant ... include the costs subsequently incurred in effecting service ..., together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service." Fed. R. Civ. P. 4(d)(5); *see Long Co. v. Hawaii Banking Co.*, Inc., No. 02 C 3082, 2003 WL 262421, at *3 (N.D. Ill. Jan. 29, 2003); *see also* David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction*, 151 F.R.D. 441, 453 (1994) ("But an attorney's fee may be imposed only for the attorney's effort in making a motion to collect the costs of service. The time of the attorney in arranging for formal service after the defendant has refused a waiver is not compensable.").

or to the jurisdiction of court over the person of the defendant." Fed. R. Civ. P. 4(d). Moreover, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y & H Corp.,* _U.S. _, 126 S. Ct. 1235, 1244 (2006) (quoting *United States v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002)); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Consequently, Hoosman cannot eschew his duty to pay the cost of service by arguing fear of waiver. Therefore, we order Hoosman to pay Jones the sum of $340.00, which includes the cost of effectuating service and a reasonable attorney's fee in connection with preparation of this motion. *See* Fed. R. Civ. P. 4(d)(5).

### III.     Motion to Strike Jury Demand with Respect to the Piercing the Corporate Veil

Defendant moves to strike Plaintiff's jury demand insofar as it relates to determination of whether or not we should pierce the corporate veil on the basis of an alter ego theory.[10] Regardless of whether Jones decides to re-plead Count I of her complaint, she will need to establish that Hoosman was Copytec's alter ego to hold him individually liable for Count II, a retaliation claim brought under Title VII.[11] *EEOC v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1279-80, 1282 (7th Cir. 1995) (holding that Title VII does not provide for individual liability). While piercing the corporate veil "involves important findings of fact, it is still ... essentially an

---

[10] We can consider the motion to strike despite Hoosman's failure to object to the jury demand in the original complaint because Rule 12(f) provides that "upon motion made by a party ... or upon the court's own initiative *at any time,* the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).

[11] Therefore, plaintiff's contention that the "Amended Complaint details enough facts to warrant holding Defendant individually liable" without resort to an alter ego theory is erroneous. (Resp. to Mot. at 10.)

equitable doctrine [in Illinois] and therefore is not amendable to determination by a jury."[12] *Int'l Fin. Svcs.,* 356 F.3d at 738. As the Seventh Circuit explained, "[w]hether to pierce the corporate veil is a matter of the trial court's discretion." *Id*. at 737. Therefore, we strike the jury demand insofar as it relates to a determination of piercing the corporate veil.

## CONCLUSION

For the reasons set forth above, we dismiss Count I of Jones's amended complaint for failure to adequately plead her claims with specificity.[13] We also order Hoosman to pay Jones $340.00 in service costs. Finally, we strike the jury demand for the piercing the corporate veil issue. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 5/9/06

---

[12] However, "if the jury resolve[s] an issue of fact that was the same for both the legal and equitable issue, that factual finding would be binding on the court." *Int'l Fin. Svcs. V. Chromas Tech. Canada, Inc*., 356 F.3d 731, 738 (7th Cir. 2004).

[13] We grant Jones fifteen (15) days from entry of this order to re-file those claims in accordance with our ruling, if she so chooses. While we grant Jones leave to file an amended complaint in accordance with Rule 9(b), we caution that this is the last time we will dismiss her claim without prejudice.